# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMMY ANN STROUD,** : | Civil No. 1:19-CV-982 |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **ANDREW SAUL,** : | |
| **Commissioner of Social Security,** : | |
| : | |
| **Defendant.** : | |

## MEMORANDUM OPINION AND ORDER

### I.     Factual and Procedural Background

This case is a Social Security appeal which is fully briefed on its merits. In this appeal, the plaintiff argues various merits issues and also contends that this appeal should be remanded for rehearing before a properly appointed Administrative Law Judge pursuant to Lucia v. S.E.C., 138 S. Ct. 2044 (2018), which held that certain federal agency Administrative Law Judges were "Officers of the United States," within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2, cl. 2, and therefore should have been appointed to their positions by either the President, a court of law, or the Department head. Thus, one of the central issues in this appeal is the plaintiff's assertion that this case was heard by an ALJ who was appointed through a constitutionally infirm process under the

Appointments Clause, a legal defect which now requires a remand in order to allow the Commissioner to conduct a new administrative hearing before a constitutionally appointed ALJ other than the one who presided over the claimant's first hearing.

We stayed consideration of this case because the question of the application of Lucia to Social Security ALJs was pending before the United States Court of Appeals for the Third Circuit in two cases, Bizarre v. Comm'r of Soc. Sec., No. 19-1773 (3d Cir. 2020) and Cirko v. Comm'r of Soc. Sec., No. 19-1772 (3d Cir. 2020). These appeals raised one of the same issue presented in this case, *i.e.*, whether a plaintiff forfeited the appointments clause challenge by failing to raise the issue during administrative proceedings. On January 23, 2020, the Court of Appeals held that "that exhaustion is not required in this context," and affirmed a decision which called for the remand of a Social Security appeal for re-hearing by an ALJ who was properly appointed under the Appointments Clause to the United States Constitution. Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020).

The holding in Cirko controls here and would compel a remand of this case. Recognizing our duty to follow the mandate of the Court of Appeals in Cirko once that mandate issued, we lifted this stay, in part, but deferred any action on a remand based upon the Cirko decision until the time for filing a petition for rehearing *en banc* expired and the mandate of the Court of Appeals issued in that case. On March 9, 2020, the Commissioner filed a petition for rehearing *en banc* in Cirko. This

petition for rehearing had the effect of delaying the issuance of the mandate in Cirko pending the resolution of this petition for rehearing, and we further stayed this case pending the outcome of the Cirko petition for rehearing.

On March 26, 2020, the Court of Appeals denied the Commissioner's petition for rehearing, an action which has substantive significance in this case since under Rule 41 of the Federal Rules of Appellate Procedure, the Court of Appeals mandate must issue 7 days after the entry of an order denying a petition for hearing. Fed. R. App. P. 41(b). With the issuance of the mandate in Cirko, the plaintiff's Social Security appeal, which has been delayed for a protracted period of time while the parties litigated this Appointments Clause issue, is now fully ripe. Since the Cirko decision now compels that this case be remanded to the Commissioner for a hearing before a properly appointed ALJ, we will enter an order remanding this appeal.

## II. Discussion

These recent developments have legal significance in this case since in Cirko, the Court of Appeals spoke to the issue of whether Social Security ALJs were appointed through a constitutionally infirm process under the Appointments Clause and found that the former appointment process violated the Constitution and compelled a remand for re-hearing by an ALJ who was properly appointed under the Appointments Clause to the United States Constitution. Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020).

Once the Court of Appeals issued its mandate in Cirko, as a trial court we "must implement both 'the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.' " Delgrosso v. Spang & Co., 903 F.2d 234, 240 (3d Cir. 1990).[1] Following Cirko, and in accordance

---

[1] With the denial of this petition for rehearing, and the issuance of the court of appeals' mandate, the only possible legal avenue of relief for the Commissioner in Cirko would be a petition for writ of certiorari directed to the United States Supreme Court. However, the granting of such petitions is entirely discretionary with the Supreme Court and, in our view, the mere possibility that the Commissioner might seek discretionary Supreme Court review, standing alone, does not justify further delay in the litigation of this Social Security appeal. We reach this conclusion guided by the knowledge that any stay of this mandate pending Supreme Court review would require an unusual, exacting and highly demanding showing. As the Court of Appeals has observed:

> *In exceptional cases*, a party may obtain a stay of our mandate if it can demonstrate that its petition presents a "substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A) (2007). This standard requires the movant to show: (1) a reasonable probability that the Supreme Court will grant *certiorari;* (2) a reasonable possibility that at least five Justices would vote to reverse this Court's judgment; and (3) a likelihood of irreparable injury absent a stay. In a close case, the movant should make a showing that, on balance, the interests of the parties and the public favor a stay.

Nara v. Frank, 494 F.3d 1132, 1133 (3d Cir. 2007) (emphasis added).

Given the extraordinary showing that the Commissioner would have to make in order to obtain a stay of the mandate in Cirko pending Supreme Court review, we do not believe that further delay in these proceedings is necessary or appropriate based upon a speculative notion that the Commissioner *may* seek further review of that decision, *may* request a stay of Cirko pending Supreme Court review, and *may* satisfy the very precise standards prescribed by law for such a stay. Of course if the Commissioner can successfully run this legal gauntlet, obtain Solicitor General approval to pursue a petition for writ of certiorari, persuade the Supreme Court to

with the Court of Appeals' decision in Cirko, we will join the rising tide of case law in this circuit remanding Social Security appeals to the Commissioner for a new hearing before an ALJ who has been properly appointed under the Appointments Clause to the United States Constitution. See e.g., Dove-Ridgeway v. Saul, No. CV 19-35-LPS-MPT, 2020 WL 1506119, at *1 (D. Del. Mar. 30, 2020); Tate v. Saul, No. CV 19-3751, 2020 WL 1443492, at *1 (E.D. Pa. Mar. 19, 2020); Burke v. Saul, No. CV 19-3206, 2020 WL 1042422, at *2 (E.D. Pa. Mar. 4, 2020); Anderson v. Saul, No. CV 3:18-2238, 2020 WL 814927, at *1 (M.D. Pa. Feb. 18, 2020); Walker v. Saul, No. CV 18-5542, 2020 WL 996420, at *1 (E.D. Pa. Feb. 28, 2020); Sanchez v. Saul, No. CV 18-5018, 2020 WL 430811, at *1 (E.D. Pa. Jan. 28, 2020); Simmons on behalf of A.B. v. Saul, No. CV 19-2205, 2020 WL 470304, at *1 (E.D. Pa. Jan. 29, 2020).

We further note that, consistent with the Supreme Court's decision in Lucia, which prescribed that the remedy for an Appointments Clause violation was a remand to an ALJ other than the ALJ who initially heard the case, we will direct a "remand the case for a new administrative hearing before a constitutionally appointed ALJ other than the one who presided over the claimant's first hearing."

---

grant certiorari review, and meet the exacting and high standard required to further stay the Cirko decision, then upon request we could vacate this decision. However, we do not believe that action in this case should await further litigation in Cirko since prospects of success in this litigation is increasingly remote.

Burke v. Saul, No. CV 19-3206, 2020 WL 1042422, at *2 (E.D. Pa. Mar. 4, 2020). Finally, "[b]ecause the Court has found a basis for remand on these grounds, we need not address the plaintiff's remaining arguments. To the extent that any other error occurred, it may be remedied on remand." Holst v. Saul, No. 4:18-CV-2182, 2019 WL 5457920, at *9 (M.D. Pa. Sept. 10, 2019), report and recommendation adopted, No. 4:18-CV-02182, 2019 WL 5424365 (M.D. Pa. Oct. 23, 2019).

    An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMMY ANN STROUD,** | Civil No. 1:19-CV-982 |
| **Plaintiff,** | |
| v. | |
| | **(Magistrate Judge Carlson)** |
| **ANDREW SAUL,** | |
| **Commissioner of Social Security,** | |
| **Defendant.** | |

## **ORDER**

In accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the final decision of the Commissioner denying these claims is VACATED, and this case is REMANDED to the Commissioner to conduct a new administrative hearing before a constitutionally appointed ALJ other than the one who presided over the claimant's first hearing once the mandate in <u>Cirko on behalf of Cirko v. Comm'r of Soc. Sec.</u>, 948 F.3d 148 (3d Cir. 2020) is issued by the Court of Appeals. The clerk of court is further ORDERED to CLOSE this file.

SO ORDERED this 6th day of May 2020.

*/S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge